UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRSHAD KARIM,<br><br>*Petitioner*,<br><br>– against –<br><br>RAUL MALDONADO, JR., in his official capacity as Warden, Metropolitan Detention Center, JUDITH ALMODOVAR, in her official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, TODD BLANCHE, Attorney General,<br><br>*Respondents*. | **SCHEDULING ORDER**<br>26-cv-06045 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

WHEREAS, Petitioner, through counsel, states that he is and has been detained by respondents since August 12, 2026, and is currently in respondents' custody at the Metropolitan Detention Center in Brooklyn, New York;

WHEREAS, Petitioner, through counsel, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that his detention violates the Immigration and Nationality Act and his constitutional rights;

WHEREAS, Petitioner seeks, *inter alia*, an Order granting this Petition and an order barring respondents from transferring him outside of the jurisdiction of this Court, Pet. 14;[1]

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

It is hereby:

**ORDERED**, that in order to preserve the Court's jurisdiction pending final disposition of the Petition, respondents are **ENJOINED** from moving petitioner to a location outside the Eastern District of New York, the Southern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act[,] 28 U.S.C. § 1651[,] authorizes a federal court to protect that jurisdiction.");[2] *Garcia-Izquierdo v. Gartner*, No. 04-cv-07377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-cv-01935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *Y.G.B. v. Almodovar*, No. 25-cv-06244 (E.D.N.Y. Nov. 19, 2025), ECF No. 12 at 2 (same); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal);

**ORDERED**, that respondents shall submit a letter, by **Thursday, October 30, 2026, at 12:00 p.m.**, stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.S.J.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-2506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. If respondents take the position that the present case is controlled by *Barbosa da Cunha* and/or is not materially different from one or more of the Court's prior decisions, respondents shall further state whether respondents consent to the issuance of the writ, and petitioner's immediate release, subject to preservation of respondents' arguments for appeal;

**ORDERED**, that if respondents take the position that the present case is not controlled by *Barbosa da Cunha* or any of the Court's prior decisions, respondents are ordered to show cause, in writing, as to why the relief sought in the Petition should not be granted and otherwise respond to the factual and legal assertions in the Petition no later than **Friday, October 2, 2026**;

**ORDERED**, that if respondents file a response to the Order to Show Cause, they are directed to file, under seal if necessary, any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in their submission not yet filed by petitioner, and records indicating whether any property was

seized from petitioner at the time of arrest. Respondents must serve a copy of the response on petitioner, with proof of such service to the Clerk of this Court;

**ORDERED**, that if respondents file a response to the Order to Show Cause, petitioner shall file a reply no later than **Monday, October 5, 2026**.

**ORDERED**, that by **Wednesday, September 30, 2026**, petitioner shall serve respondents with a copy of the Petition, along with a copy of this Order, by overnight mail and promptly file proof of such service on the docket.

The Clerk of Court is directed to deliver a copy of this Order to the U.S. Attorney's Office at Richard.Hayes@usdoj.gov. Counsel for respondents shall promptly enter a notice of appearance.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 29, 2026
Brooklyn, New York